UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JUSTIN DEWAYNE JOHNSON,

       Petitioner,

v.                                  Case No.:  6:25-cv-347-AGM-DCI
                                                 (6:22-cr-43-AGM-DCI)

UNITED STATES OF AMERICA,

       Respondent.

_____/

## ORDER

THIS CAUSE is before the Court on the following matters:

1.      Petitioner's "Third Motion to Compel Production of Documents" (Doc. 7) is **GRANTED IN PART AND DENIED IN PART**. Petitioner requests the Court to direct Respondent to provide him with a copy of the Response to the Motion to Vacate, Set Aside, or Correct Sentence ("Response," Doc. Nos. 4–4-3) and grant him leave to amend his 28 U.S.C. § 2255 Motion and to file a memorandum in support of the amended motion. (Doc. 7.)

To support the instant motion, Petitioner notes that after he got notice that the Court had received his 28 U.S.C. § 2255 Motion, he deposited a motion for leave to amend and to file a memorandum in support of the amended motion in the

1

prison's internal mail system for mailing to this Court.[1] (*Id.* at 1.) Petitioner, however, did not receive an order on his motion. (*Id.* at 2.) According to Petitioner, when he received the March 24, 2025 Order (Doc. 2) directing Respondent to respond to the 28 U.S.C. § 2255 Motion, he mailed a second motion for leave to amend and to file a memorandum to the Court, which also seemingly was not received. (Doc. 7 at 2.) Petitioner later received the September 3, 2025 Order allowing him to file a Reply to Respondent's Response, although he did not receive a copy of the Government's Response.[2] (*Id.*)

Petitioner correctly surmises that the Court did not receive the two motions for leave to amend that he purportedly deposited for mailing to the Court before the filing of Respondent's Response (Doc. 4). Regarding Petitioner's request to file an amended 28 U.S.C. § 2255 motion, "[a] petitioner may file an amended petition once as a matter of course within twenty-one days of service of the original petition or within twenty-one days of the respondent's filing of a responsive pleading or motion to dismiss." *Carter v. Oliver*, No. 5:23-CV-00403-MTT-MSH, 2024 WL 5662511, at *1 (M.D. Ga. Feb. 20, 2024) (citing Fed. R. Civ. P. Rule 15(a)(1)). "In all

---

[1] The Court notes that nothing was mailed to Petitioner from the Court until March 24, 2025, when the order directing Respondent to respond to the 28 U.S.C. § 2255 Motion was entered. *See* Doc. 2. Thus, it is unclear what other notice Petitioner could have received regarding this case before the March 24, 2025 Order.

[2] Petitioner does not indicate why he waited almost two months after the entry of the September 3, 2025 Order to file the instant motion.

other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Leave to amend should be freely given when justice so requires. *Id.*

Leave to amend may be denied "(1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Further, "[a] motion for leave to amend should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment." *Long v. Satz*, 181 F.3d 1275, 1279 (11th Cir. 1999).

Here, this action has been pending since February 28, 2025, and Respondent has filed a Response. *See* Doc. Nos. 1, 4. Thus, the time has expired for Petitioner to amend the 28 U.S.C. § 2255 Motion as a matter of course under Rule 15(a)(1). Further, Respondent has not provided written consent for Petitioner to amend the motion. Petitioner also did not set forth the substance of his proposed amended motion or attach a copy of the proposed amended 28 U.S.C. § 2255 motion to his motion to amend. There is no indication of what or how many new grounds Petitioner wishes to add. Petitioner, therefore, has not demonstrated that leave to amend should be granted. Consequently, Petitioner's motion will be denied

without prejudice to the extent he seeks leave to amend and to file a memorandum in support of the amended motion.[3]

To the extent Petitioner requests a copy of the Response and exhibits thereto, the motion will be granted. Within **THREE (3) DAYS** from the date of this Order, Respondent shall mail Petitioner a copy of the Response and the exhibits thereto (Doc. Nos. 4, 4-1, 4-2, 4-3). Respondent shall notify the Court that it has complied with the Order.

2.      If he chooses to do so, Petitioner may file a Reply to the Response in accordance with the September 3, 2025 Order (Doc. 5) within **FORTY-FIVE (45) DAYS** from the date of this Order. Upon the expiration of this time, the 28 U.S.C. § 2255 Motion (Doc. 1), the Response (Doc. 4), and the Reply, if filed, may be considered and an order entered thereon without further notice.

---

[3] The Court notes that claims asserted in an amended 28 U.S.C. § 2255 motion must be filed within the one-year statute of limitation under 28 U.S.C. § 2255(f) or relate back to the timely filed grounds. Federal Rule of Civil Procedure 15(c) "dictates that an amendment only relates back to the original pleading and causes an otherwise untimely claim to be considered timely when, . . . 'the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading.'" *Farris v. United States*, 333 F. 3d 1211, 1215 (11th Cir. 2003) (quoting Fed. R. Civ. P. 15(c)(2)). It appears that the statute of limitations in this action expired on March 10, 2025. *See* Doc. 4 at 7. Thus, any new claims Petitioner wishes to raise would be untimely unless they relate back to the two timely filed grounds. In other words, if the statute of limitations has expired, amendment would be futile if the new claims do not relate back to the grounds raised in 28 U.S.C. § 2255 Motion.

5

**ORDERED** in Orlando, Florida on December 3, 2025.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Party

5