UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JUSTIN DEWAYNE JOHNSON,

Petitioner,

v. Case No.: 6:25-cv-347-AGM-DCI
(6:22-cr-43-AGM-DCI)

UNITED STATES OF AMERICA,

Respondent.
_________________________________/

**ORDER**

THIS CAUSE is before the Court on Petitioner's June 27, 2026 letter, which was received by the Clerk of Court on June 29, 2026. (Doc. 14.) In the letter, Petitioner notifies the Court that he is having trouble receiving and sending mail and requests additional time to (1) file a Reply to Government's Response to his 28 U.S.C. § 2255 Motion, and (2) "add additional reasons for the 2255." (*Id.* at 1–3.) The Court construes the letter to be a Motion for Extension of Time.

To support his request, Petitioner notes that he received the Court's April 16, 2026 Order (Doc. 12) on May 11, 2026, and he responded on May 13, 2026, with a letter seeking an extension, but the letter was not received by the Court. (*Id.* at 1–2.) Petitioner states that he had his mother call the Clerk's Office on June 22, 2026, to see if his letter was received, and she advised him that it was not. (*Id.* at 2.) Petitioner asserts that as a result, he filed the instant letter. (*Id.*) Finally, Petitioner

notes that he has been sending his letters to the address that "all [his] mail has come from," which is:

> U.S. Department of Justice
> 400 W. Washington Street, Suite 3100
> Orlando, FL 32801

(Doc. 14 at 3.)

As an initial matter, the Court notes that, contrary to Petitioner's representation otherwise, any mail Petitioner has received from this Court was not mailed from the address listed above. That address is Respondent's address. All orders of the Court have been mailed to Petitioner and have not been returned as undeliverable. Moreover, to the extent Petitioner may be arguing that he did not know the Court's address, this contention is belied by the fact that he has mailed multiple pleadings and letters to this Court via the Clerk of Court at "401 W. Central Blvd., Room 1200, Orlando, FL, 32801." *See* Doc. Nos. 1 at 13, 7 at 4, 10 at 3, 11 at 8. To be clear, however, Petitioner should mail future motions or pleadings for this case to the Court at:

> Office of the Clerk
> George C. Young Federal Annex Courthouse
> 401 W. Central Blvd., Suite 1200
> Orlando, Florida 32801-0120

Next, the Court has warned Petitioner that he:

> should not correspond with the Court in letter form. Petitioner should file a pleading or motion with a title. The title should be a brief summary of the contents of the

> pleading or motion. As a matter of course, the Court will not respond to Petitioner's letters.

(Doc. 12 at 3.) Despite the Court's explicit warning, he filed the instant letter that in no way conforms with these instructions, is addressed to the Honorable Anne-Leigh Moe, and seeks another extension of time. The filing of letters, rather than a pleading or motion with a title, may result in the Court overlooking a party's request for relief because, like this letter, letters are often not docketed as motions. Thus, there is nothing to trigger the Court to act on the party's request in a letter. <u>Consequently, Petitioner is warned a final time that he shall not correspond with the Court in letter form</u>. <u>If Petitioner does so, the letter may be stricken and no action taken on any request that may be contained in it</u>.

Turning to Petitioner's construed motion for an extension of time to file a Reply to the Response or to possibly file a motion to amend or supplement the 28 U.S.C. § 2255 Motion, the Court expresses its displeasure with Petitioner's delayed request seeking additional time. Although the Court is sympathetic to Petitioner's incarceration and the potential difficulties it may present in meeting deadlines, Petitioner offers no explanation why he waited more than a month after mailing his first letter on May 13, 2026, to contact the Court to determine if it had been received. Generally, a delay of a month and a half in seeking to ascertain the status of a filing would not raise concern. Here, however, Petitioner complains that he is having trouble receiving and sending mail, and in prior instances, he has

complained that he did not receive pleadings filed in this case and he has alleged that he filed pleadings in this case that he knows were not received. *See* Doc. Nos. 7, 8, 10, 11, 12. In such circumstances, it is difficult for the Court to find that Petitioner is diligently pursuing his rights and that good cause exists to grant him any further extensions of time. This is especially so given that (1) Petitioner has received two extensions of time to file a Reply and has had at least six months to do so, and (2) his last extension of time concluded on approximately June 1, 2026, almost a month before he directed his mother to contact the Clerk regarding his purported May 13, 2026 letter.

Nevertheless, given Petitioner's pro se status and the purported issues with his mail, the Court will grant Petitioner **a final opportunity** to file a Reply to the Response in accordance with the September 3, 2025 Order (Doc. 5). To the extent Petitioner mentions that he wants to "add additional reasons for the 2255," the Court reiterates that it "will not address new grounds raised in the Reply. *See In re Sealed Case*, No. 23-5044, 2023 WL 5076091, at *8 (D.C. Cir. July 18, 2023) ("It is well established that an argument first presented in a reply brief before the district court is forfeited."); *Oliveiri v. United States*, 717 F. App'x 966, 967 (11th Cir. 2018) (citing *United States v. Evans*, 473 F.3d 1115, 1120 (11th Cir. 2006) ("[A]rguments raised for the first time in a reply brief are not properly before a reviewing court."))." (Doc. 5 at 1–2.) Further, if Petitioner intends to move to amend or

supplement his 28 U.S.C. § 2255 Motion, he should be aware, as the Court has previously explained, that:

> "[A] petitioner may file an amended petition once as a matter of course within twenty-one days of service of the original petition or within twenty-one days of the respondent's filing of a responsive pleading or motion to dismiss." *Carter v. Oliver*, No. 5:23-CV-00403-MTT-MSH, 2024 WL 5662511, at *1 (M.D. Ga. Feb. 20, 2024) (citing Fed. R. Civ. P. Rule 15(a)(1)). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Leave to amend should be freely given when justice so requires. *Id.*
>
> Leave to amend may be denied "(1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Further, "[a] motion for leave to amend should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment." *Long v. Satz*, 181 F.3d 1275, 1279 (11th Cir. 1999).
>
> Here, this action has been pending since February 28, 2025, and Respondent has filed a Response. *See* Doc. Nos. 1, 4. Thus, the time has expired for Petitioner to amend the 28 U.S.C. § 2255 Motion as a matter of course under Rule 15(a)(1). Further, Respondent has not provided written consent for Petitioner to amend the motion. . . .

* * *

> [3] The Court notes that claims asserted in an amended 28 U.S.C. § 2255 motion must be filed within the one-year statute of limitation under 28 U.S.C. § 2255(f) or relate back to the timely filed grounds. Federal Rule of Civil Procedure 15(c) "dictates that an amendment only relates back to the original pleading and causes an otherwise untimely claim to be considered timely when, . . . 'the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading.'" *Farris v. United States*, 333 F. 3d 1211, 1215 (11th Cir. 2003) (quoting Fed. R. Civ. P. 15(c)(2)). It appears that the statute of limitations in this action expired on March 10, 2025. *See* Doc. 4 at 7. Thus, any new claims Petitioner wishes to raise would be untimely unless they relate back to the two timely filed grounds. In other words, if the statute of limitations has expired, amendment would be futile if the new claims do not relate back to the grounds raised in 28 U.S.C. § 2255 Motion.

(Doc. 8 at 3–4 n.3.) In filing a Reply, Petitioner should keep these matters in mind and comply with the Court's prior orders.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. Petitioner's construed Motion for Extension of Time (Doc. 14) is **GRANTED IN PART AND DENIED IN PART**. To the extent Petitioner seeks an extension of time to file a Reply to the Response, he shall have **THIRTY-FIVE (35) DAYS** from the date of this Order to file a Reply in accordance with the September 3, 2025 Order (Doc. 5). Upon the expiration of this time, the 28 U.S.C. § 2255 Motion

(Doc. 1), the Response (Doc. 4), and the Reply, if filed, may be considered and an order entered thereon without further notice. To be clear, no further extensions of time will be granted absent a showing of extraordinary circumstances. In all other respects, the motion is denied.

2. Petitioner should not correspond with the Court in letter form. If Petitioner does so, the letter may be stricken and no action taken on any relief sought in the letter.

**DONE** and **ORDERED** in Orlando, Florida on July 29, 2026.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Party